UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BART E. HALEY,

    Plaintiff,

v.

ELEGEN HOME LENDING, LP; et al.,

    Defendants.

3:10-cv-00046-LRH-RAM

ORDER

Before the court is defendant PNC Bank National Association's ("PNC") motions to dismiss and expunge lis pendens filed on January 29, 2010 (Doc. ##5, 6[1]) to which the other defendants have joined (Doc. #9). Plaintiff Bart E. Haley ("Haley") filed an opposition and request for leave to amend on February 16, 2010. Doc. #11. Thereafter, PNC filed a reply on February 26, 2010. Doc. #14.

**I.   Facts and Procedural History**

Haley refinanced real property through a loan with defendant Elegen Home Lending. The property was secured by a note and deed of trust. Haley defaulted on the loan and defendant Cal-Western Reconveyance Corporation, the substitute trustee, filed a notice of default on May 29, 2009. Doc. #5, Exhibit C. A notice of trustee's sale was filed on November 13, 2007. Doc. #5,

---

[1] Refers to the court's docketing number.

Exhibit D.

Subsequently, on December 3, 2003, Haley filed a complaint alleging ten causes of action: (1) wrongful foreclosure; (2) fraud in the omission; (3) fraud in the inducement; (4) contractual breach of good faith and fair dealing; (5) tortious breach of good faith and fair dealing; (6) racketeering; (7) quiet title; (8) unjust enrichment; (9) declaratory relief; and (10) permanent injunction. Doc. #1, Exhibit 1. Thereafter, PNC filed the present motions to dismiss and expunge lis pendens. Doc. ##5, 6.

## II.     Legal Standard

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

\\\

2

### III. Discussion

**Wrongful Foreclosure**

An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract. *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Here, Haley was in default on his mortgage obligations so there can be no sustainable action for wrongful foreclosure. *See* Doc. #1, Exhibit 1.

Furthermore, a claim for wrongful foreclosure does not arise until the power of sale is exercised. *Collins,* 662 P.2d at 623. Haley filed his complaint before the property was sold. As such, his claim for wrongful foreclosure is premature and not actionable.

**Fraud**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation). Here, Haley fails to allege anything more than defendants made misrepresentations to him. These allegations are insufficient to support a claim for fraudulent misrepresentation.

In his opposition, Haley argues that where facts are peculiarly within the defendant's knowledge, fraud may be alleged in general terms. *See Rocker v. KPMG LLP*, 148 P.3d 703, 709 (Nev. 2006) (overruled on other grounds *Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670 (Nev. 2008)). However, the information here was not solely within defendants' knowledge. Haley was present when the alleged misrepresentations were made and documents signed. Despite his personal knowledge of the events, he has failed to allege the requisite specificity under Rule 9(b).

\\\

**Good Faith and Fair Dealing**

    **a. Contractual Breach**

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, Haley alleges that defendants breached the implied covenant because they misrepresented the cost of credit involved in the loan agreement. However, these alleged misrepresentations occurred *before* a contract was formed. *See* Doc. #1, Exhibit 1. A party cannot breach the covenant of good faith and fair dealing before a contract is formed. *See Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 941 (2d Cir. 1998) ("an implied covenant relates only to the performance of obligations under an extant contract, and not to any pre-contract conduct"). Haley fails to allege facts to establish that a breach occurred *after* the contract between the parties was formed. Because Haley's claim revolves entirely around alleged promises and misrepresentations made before the contract was entered into, it fails as a matter of law.

    **b. Tortious Breach**

Haley also alleges that defendants breached their duty of good faith and fair dealing as fiduciary's in their dealings with him. Generally, a lender does not owe a borrower a fiduciary duty. *See Yerington Ford, Inc. v. General Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1092 (D. Nev. 2004). Haley has failed to allege sufficient facts to establish that defendants acted as anything other

than arms length lenders which does not, in itself, create a fiduciary relationship.

Absent a duty, there can be no breach. *See A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 10 (Nev. 1989). Accordingly, Haley's claim for breach of a fiduciary duty fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).

**Racketeering**

In Nevada, civil racketeering claims brought under NRS 207.400, *et seq.*, must be plead with specificity. *Hale v. Burkhardt*, 764 P.2d 866, 869 (Nev. 1988). That is, the complaint must allege at least two predicate crimes related to racketeering in order to sufficiently plead a racketeering claim upon which relief can be granted. *Id*.

Here, Haley merely alleges that his loan was one of many executed in violation of the Nevada state laws. From Haley's complaint, it is unclear what these violations were and, more importantly, what the two requisite "crimes" were. The court finds that Haley has failed to sufficiently plead a claim for civil racketeering upon which relief can be granted.

**Quiet Title**

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS 40.010. No defendant is claiming an interest in the property that is adverse to Haley. Therefore, Haley has no grounds to quiet title against the named defendants.

**Unjust Enrichment**

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust enrichment cannot stand when there is an express written contract which guides that activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, there was a written contract between the parties, namely, the deed of trust and

5

mortgage note. These documents guided the interactions, obligations, and rights of the parties. As such, Haley cannot make a claim in equity for actions that are guided by contract he is a party to. *See LeasePartners Corp.*, 942 P.2d at 187-88.

**Declaratory Relief and Permanent Injunction**

Haley's remaining causes of action for declaratory relief and a permanent injunction are remedies that may be afforded to a party after he has sufficiently established and proven his claims. Here, all of Haley's other claims fail to establish a claim for relief. Accordingly, Haley is not entitled to his requested remedies.

**Request to Amend**

In opposition to PNC's motion to dismiss, Haley requests leave to amend his complaint to correct any deficiencies. However, other than briefly asking for leave to amend, Haley has not established how any proposed amended pleading would address and fix the issues raised by PNC's motion. In particular, Haley has failed to state how he could satisfy the heightened pleading standard for his fraud claims; he has not alleged, or stated he could allege, whom he allegedly spoke to, what fraudulent statements he was told, and when he was told them.

In light of Haley's failure to provide the court with any indicia that amendment would not result in dismissal, the court declines to exercise its discretion and shall deny Haley's request to amend. *See United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (courts may refuse to grant leave to amend if the amendment would be futile). Additionally, the court notes that Haley's request is procedurally improper. Pursuant to Local Rule 15-1(a), a party requesting leave to amend a pleading shall attached the proposed pleading to the request to amend. Haley did not attach a proposed amended pleading with his opposition. Accordingly, his request is procedurally defective.

\\\

\\\

6

IT IS THEREFORE ORDERED that defendant' motion to dismiss (Doc. #5) is GRANTED. The complaint is DISMISSED as to all defendants.

IT IS FURTHER ORDERED that defendant's motion to expunge lis pendens (Doc. #6) is GRANTED. Defendant PNC Bank National Association shall file an appropriate order with the court expunging the lis pendens and submit the same for signature.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment appropriately.

IT IS SO ORDERED.

DATED this 15th day of March, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE